IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30540
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

ERIC KYLES, also known as Dybees,

                                    Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CR-253-1-F
- - - - - - - - - -
February 20, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Eric Kyles appeals his guilty-plea conviction for one count
of conspiracy to possess with intent to distribute cocaine and
six counts of use of a communication facility to facilitate the
commission of a violation of 21 U.S.C. § 841(a)(1).  He was
convicted of these charges in the Eastern District of Louisiana.
Kyles argues that his prosecution and conviction violate the
Double Jeopardy Clause because he also was prosecuted and
convicted in the Southern District of Alabama for conspiracy to
possess with intent to distribute cocaine and cocaine base, which

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

he contends was part of the same drug conspiracy. See U.S. CONST. amend. V. Kyles also contends that his sentence in the Louisiana case was fundamentally unfair because the district court did not consider his cooperation with the Government in the Alabama case.

The Double Jeopardy Clause protects against a second prosecution after acquittal or conviction and against multiple punishments for the same offense. See Franshaw v. Lynaugh, 810 F.2d 518, 523 (5th Cir. 1987). "Naturally, no question of double jeopardy arises unless jeopardy has first attached sometime prior to what the defendant seeks to characterize as the 'second' prosecution." Id. at 523. If a defendant pleads guilty, jeopardy attaches when the plea is accepted. Id. Because jeopardy attached first in the Louisiana proceedings, Kyles cannot establish a double jeopardy violation from his conviction and sentence in Louisiana. Additionally, his assertion that his sentence was fundamentally unfair is without merit. Therefore, we AFFIRM Kyles' conviction and sentence.

Upon reconsideration, Kyles' motion to supplement the record is GRANTED.

MOTION TO SUPPLEMENT THE RECORD GRANTED; AFFIRMED.